IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>TIMOTHY E. BECKETT,<br><br>   Defendant. | Case No. 3:02-cr-00007-JWS<br><br>ORDER DENYING MOTION |

On November 20, 2006, Timothy E. Beckett, representing himself, filed a motion to "dismiss his indictment and conviction because the government did not present sufficient evidence at trial to prove a nexus between interstate commerce and conduct sufficient to support Hobbs Act Jurisdiction under any three prongs of the Lynch test."[1]  Mr. Beckett was convicted on May 15 2003,[2] and filed a motion under 28 U.S.C. § 2255 in this Court one and one-half years later, on November 15,

---

[1] Docket No. 399 at 1.

[2] *See* Docket Nos. 303, 304.

2004.[3] The Court ultimately dismissed his motion, on April 13, 2005, on the grounds that the petition was untimely and that he failed to comply with Court orders.[4] Mr. Beckett appealed that dismissal, but a certificate of appealability was denied by this Court on June 6, 2005, and thereafter by the Ninth Circuit Court of Appeals.[5]

This Court has no jurisdiction to entertain yet another challenge from Mr. Beckett to his conviction and/or sentence.[6] If Mr. Beckett wants to attempt to obtain permission to file an untimely, successive motion under § 2255, he must first seek permission from the Court of Appeals for the Ninth Circuit.[7]

---

[3] *See* Docket No. 313.

[4] *See* Docket Nos. 329, 330; *see also* Docket No. 314 at 3, Order to Show Cause ("Mr. Beckett must show that his motion for relief under 28 U.S.C. § 2255 has been filed in a timely manner, or that there is some basis for equitable tolling (suspending the limitations period); otherwise his motion must be denied as untimely"), to which he failed to respond, after being granted numerous requests for extension of time. *See* Docket Nos. 315, 316, 319, 320, 321, 323.

[5] *See* Docket Nos. 334, 335, 352.

[6] *See* Docket No. 342 (July 14, 2005, motion to amend § 2255 motion, while appeal was pending); Docket No. 345 (July 27, 2005, denial of motion to amend); Docket No. 354 (October 14, 2005, motion for reconsideration of resentencing); Docket No. 355 (November 16, 2005, denial of motion for reconsideration of resentencing, with reminder about successive petition rules).

[7] *See* 28 U.S.C. §§ 2244(a), 2255; *see also, e.g., U.S. v. Francis*, 2006 WL 3328035 (W.D.La Nov 15, 2006) (post-conviction motion to dismiss indictment construed as successive motion under § 2255, dismissed for lack of subject-matter jurisdiction, and alternatively, as unauthorized and untimely).

**IT IS HEREBY ORDERED:**

1. Mr. Beckett's motion to dismiss the indictment, and for appointed counsel to litigate this claim, at docket number 399, is DENIED; and

2. If Mr. Beckett wishes to file a motion under 28 U.S.C. 2255, he must first receive permission from the Court of Appeals for the Ninth Circuit.[8]

DATED this 20th day of December, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[8] Section 2255 provides:  A second or successive petition or motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(a) states:
> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.