IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TIMOTHY E. BECKETT, Defendant. | Case No. 3:02-cr-00007-SLG |

### ORDER REGARDING MOTION FOR RECONSIDERATION (COMPASSIONATE RELEASE)

Before the Court at Docket 624 is defendant Timothy E. Beckett's Motion for Reconsideration. Mr. Beckett seeks reconsideration of the Court's order at Docket 622, in which the Court denied Mr. Beckett's motion for compassionate release without prejudice because Mr. Beckett's case is currently pending before the Ninth Circuit and because Mr. Beckett, although obese and prediabetic, had not presented information that he was particularly susceptible to a severe course of COVID-19. The Court concluded that Mr. Beckett's "recent medical records demonstrate that he is otherwise relatively healthy and that the BOP medical staff is aware of his health conditions[.]"[1]

---

[1] Docket 622 at 3.

Mr. Beckett, who is housed at Fort Dix FCI in New Jersey, raises one issue in his motion for reconsideration: That new COVID-19 cases have been reported at Fort Dix FCI, making it "the hardest-hit federal facility in the country."[2]

## I. Applicable law

Local Criminal Rule 47.1 permits reconsideration if the moving party shows a "manifest error of the law or fact," "discovery of new material facts not previously available," or an "intervening change in the law."[3] Mr. Beckett has submitted "new material facts" that were not provided to the Court in his motion for compassionate release.[4] The Court will reconsider its previous order and determine if modification is warranted.

## II. Extraordinary and compelling reasons

In order to grant compassionate release, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]

---

[2] Docket 624 at 2.

[3] D. Ak. Loc. Crim. R. 47.1(g)(1).

[4] Docket 624.

[5] 18 U.S.C. § 3582(c).

Case No. 3:02-cr-00007-SLG, *United States v. Beckett*
Order Re Motion for Reconsideration (Compassionate Release)
Page 2 of 6
Case 3:02-cr-00007-SLG   Document 625   Filed 01/11/21   Page 2 of 6

Mr. Beckett asserts that there are now twice as many Fort Dix FCI inmates who have tested positive for COVID-19 than when he first moved for compassionate release.[6] When Mr. Beckett filed his motion for reconsideration, Fort Dix FCI reported that 238 inmates tested positive.[7] As of the date of this order, Fort Dix FCI reports 724 inmates and 21 staff currently testing positive for COVID-19, ranking it as the BOP prison with the highest number of cases at this time.[8]

The overall number of COVID-19 cases reported in BOP facilities continues to grow. However, a facility that at one point has a high number of cases may manage to control its infection rate, while a facility with few cases may experience a rapid outbreak.[9] This means that, except in a rare situation, the Court does not rely solely on a snapshot of COVID-19 numbers in any particular prison to constitute an "extraordinary and compelling" reason for compassionate release, as that number will likely change in the near future. Thus, the new information presented by Mr. Beckett regarding the COVID-19 infection rate at Fort Dix FCI

---

[6] Docket 624 at 2.

[7] Docket 624 at 2.

[8] Bureau of Prisons, COVID-19 resource page (available at www.bop.gov/coronavirus/) (last accessed Jan. 7, 2021).

[9] *See, e.g.*, *United States v. Rodrigues*, No. 16-CR-00529-DKW-1, 2020 WL 5351029, at *5 (D. Haw. Sept. 4, 2020), reconsideration denied sub nom. *UNITED STATES OF AMERICA, Plaintiff, v. SHAWN RODRIGUES*, Defendant., No. 16-CR-00529-DKW-1, 2020 WL 5634310 (D. Haw. Sept. 21, 2020) (discussing the vastly varying rates of infection at Terminal Island FCI over time). *See also* Christina Gonzalez, *Terminal Island has Nation's Worst Prison COVID-19 Outbreak*, FOX9 KMSP (Apr. 29, 2020); Maria Guerrero, *North Texas Federal Prison Has Largest Number of COVID-19 Cases Among Inmates in the Nation*, NBC5 (July 10, 2020) (discussing Seagoville FCI); Nomin Ujiyediin, *Leavensworth Leads Federal Prisons in COVID-19 Cases*, Kansas News Service (Sept. 15, 2020); Byron Tollefson, *Significant COVID-19 Outbreak at Waseca Federal Prison*, KTTC (Sept. 23, 2020).

Case No. 3:02-cr-00007-SLG, *United States v. Beckett*
Order Re Motion for Reconsideration (Compassionate Release)
Page 3 of 6

Case 3:02-cr-00007-SLG   Document 625   Filed 01/11/21   Page 3 of 6

does not constitute an "extraordinary and compelling reason" for compassionate release.

## III. Section 3553(a) factors

Even if the number of cases at Fort Dix FCI constituted an extraordinary and compelling reason, the Court would still deny the motion for reconsideration because the § 3553(a) factors do not support release in this case. In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[10]

The crimes of conviction involved Mr. Beckett, along with an associate, forming a now-defunct gang called the "Good Boys Trece Surenos" (GTS). Mr. Beckett required anyone who wanted to join the gang to either be beaten or to commit a robbery. The crimes of conviction involved direct actions of two new members of the gang. On three days in January 2001, the two new members, using guns provided by Mr. Beckett, robbed a motel in Anchorage.[11] By the time Mr. Beckett was sentenced in this case, he had three cases pending in Alaska state court related to the gang's robberies. "In said cases, GTS members entered a residence and dragged the victims from their bed. Immediately thereafter, while

---

[10] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[11] Docket 615 at 2 (under seal).

Case No. 3:02-cr-00007-SLG, *United States v. Beckett*
Order Re Motion for Reconsideration (Compassionate Release)
Page 4 of 6

Case 3:02-cr-00007-SLG   Document 625   Filed 01/11/21   Page 4 of 6

one GTS member pointed a firearm, another GTS member hit the victims with a pipe or baseball bat. In a particularly vicious act, another GTS member punched a pregnant female. As a result of their acts, the victim suffered a miscarriage."[12]

At Mr. Beckett's request, the Probation Officer who completed the Compassionate Release Investigation in this case interviewed Jonathan and Barbara Hall, a Florida couple with whom Mr. Beckett proposes living if he were released.[13] The Probation Officer also conferred with the U.S. Probation Office for the Middle District of Florida, which would be responsible for supervising Mr. Beckett if he were released to live with the Halls. Due to Mr. Beckett's "background, instant offense conduct, and threat assessment," the Probation Office in Florida "would not be inclined to approve" such a release plan because the Halls' son, who is on federal probation, also lives with them.[14] Thus, Mr. Beckett does not have an approved release plan or approved residence where he could quarantine were he to be released. Mr. Beckett's Motion for Reconsideration does not address this issue.

The Probation Officer recommended denying Mr. Beckett's request for a reduction in sentence because "the significant sentence reduction would not satisfy the sentencing goals in this case."[15] The Court agrees and finds that reduction of

---

[12] Docket 615 at 3 (under seal).

[13] *See* Docket 618 (motion for probation office to interview the Halls).

[14] Docket 620 at 3 (under seal).

[15] Docket 77 at 2 (under seal).

Case No. 3:02-cr-00007-SLG, *United States v. Beckett*
Order Re Motion for Reconsideration (Compassionate Release)
Page 5 of 6
Case 3:02-cr-00007-SLG   Document 625   Filed 01/11/21   Page 5 of 6

Mr. Beckett's sentence by approximately 50% would not reflect the nature and circumstances of the offenses, the history and characteristics of Mr. Beckett, or the seriousness of the offenses; would not promote respect for the law, would not afford adequate deterrence, would not protect the public,[16] and would not provide just punishment.[17]

Having reconsidered its previous order and determined that modification is not warranted, IT IS ORDERED that the motion at Docket 624 is DENIED.

DATED this 11th day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] The policy statement of the Sentencing Commission for a reduction in sentence under § 3582(c)(1)(A) requires a determination that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. There is significant disagreement among district courts as to the applicability and binding nature of the policy statement. Here, however, the Court would reach the same conclusion regardless of whether that policy statement is binding. The Court considers the risk Mr. Beckett presents to the community both in light of the policy statement and in light of the § 3553(a)(2)(C) consideration of "the need for the sentence imposed to protect the public from further crimes of the defendant."

[17] 18 U.S.C. § 3553(a)(2).

Case No. 3:02-cr-00007-SLG, *United States v. Beckett*
Order Re Motion for Reconsideration (Compassionate Release)
Page 6 of 6

Case 3:02-cr-00007-SLG   Document 625   Filed 01/11/21   Page 6 of 6